972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Dean BINGMAN, Plaintiff-Appellant,
v.
Jack MCCORMICK, Warden Montana State Prison; Candice
Hilyer; et al., Defendants-Appellees.
 No. 91-35605.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 16, 1992.
 
 1
 Before ALARCON, RYMER AND T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 James Dean Bingman appeals the dismissal of his § 1983 complaint against the warden of the Montana State Prison. Bingman alleges that his constitutional rights were violated because he was improperly reclassified to a higher security level without due process. The district court, upon the magistrate's recommendations, found that Bingman was reclassified with due process. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 Assuming that the state of Montana provided Bingman with a protected liberty interest in his classification, the hearing in this case satisfied the minimum requirements of due process. The prison officials were "obligated to engage only in an informal, nonadversary review of the information supporting [Bingman's reclassification], including whatever statement [Bingman] wished to submit, within a reasonable time after confining him" to a higher security level. Hewitt v. Helms, 459 U.S. 460, 472 (1983). The record shows that Bingman was given prior notice of his reclassification hearing, was informed of the nature of the hearing and the charges against him, and was given an opportunity to make a statement.
 
 
 5
 Bingman's complaint also challenges the prison's failure to provide him with a written notice of the reclassification committee's decision. Assuming that the written notice required by Classification Regulation PD 82-204(G) was not given, Bingman, who was informed of the nature of the charges against him and who was made aware of the committee's decision when he was reclassified, has failed to show any prejudice resulting from the failure to give written notice. See United States v. Lovasco, 431 U.S. 783, 790 (1977) (proof of prejudice is generally a necessary element of a due process claim).
 
 
 6
 In his written objections to the magistrate's findings, Bingman also complained that he was not offered the services of an investigator. Bingman, however, cannot challenge the prison's failure to provide him with these services, for he has not shown that the state has provided him with a constitutionally protected interest in an investigator.
 
 
 7
 Finally, Bingman makes several arguments on appeal that were not raised before the district court. We decline to consider these arguments. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985) ("The rule is well-established that absent exceptional circumstances, an issue not raised below will not be considered on appeal.").
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3